WILLIAM BLASTOW, appellant from decree of Judge of Probate,

*vs.*

JOHN J. HARDY, administrator *de bonis non* of PETER HARDY, Jr.

Hancock.    Opinion June 4, 1890.

*Probate.    Appeal.    Parties interested.*

A grantee of real estate from the residuary legatee under a will, where there is no property of the testator which can be reached to satisfy the debts and claims against his estate, except such real estate, is interested in the settlement of the account of the executor or administrator of the estate, and has a right of appeal from the decree of the Judge of Probate allowing the account.

ON REPORT.

The following facts appeared : — Peter Hardy, Jr., died in 1859, testate, his will containing, after certain minor bequests, the following : —

"Sixthly.—I do direct that after the payment of my just debts and the expense of executing this, my last will and testament, and the payment of the foregoing legacies, that the remainder of all my estate, both real and personal, of every description, be given and bequeathed to my son, George W. Hardy, and he is to provide for my beloved wife, Joanna Hardy, a good and sufficient maintenance during her life, in such place as she may see fit, and to defray the expenses of her last sickness and burial, which support and expenses shall constitute a lien upon my estate."    Said George W. Hardy was made executor by the will.

George W. Hardy died in 1871, and in April, 1872, his wife, Anjanette J. Hardy, was appointed administratrix of his estate. In 1875, John J. Hardy was appointed administrator with the will annexed, of the said Peter Hardy, Jr's, estate.    At the April probate term, 1876, said John J. Hardy resigned and petitioned for a discharge, representing that no estate, real or personal, came into his hands, and he was discharged.    On November 22d, 1875, said Joanna Hardy, the widow of Peter,

released by quit-claim deed to Anjanette Hardy, (under the name of Anjanette J. Parsons, formerly Hardy) all her interest in the real estate left by said Peter Hardy, Jr., under the following description :

"All my right, title and interest in and to all the estate of which my late husband, Peter Hardy, Jr., died seized and possessed, meaning and intending hereby to release and quit-claim to the said Anjanette all the right and interest I have in and to said estate by, through or under the will of said Peter Hardy, Jr., or in any other way as widow, hereof releasing all claim upon said estate for support and maintenance, and discharge said estate from all liabilities therefor, and the lien upon said estate for my support and maintenance, created in the will of my said husband is hereof forever discharged."

Under the same date, there was another writing under the hand and seal of Joanna Hardy, running to said Anjanette J. Parsons, as follows :  "In consideration of the sum of two hundred dollars, to me paid by Anjanette J. Parsons of Deer Isle, the receipt whereof I hereby acknowledge, I, Joanna Hardy of Deer Isle, hereby release and discharge the said Anjanette and the heirs of the late George W. Hardy, and the estate of Peter Hardy, Jr., my late husband, from all claim that I may in any way have upon her, or upon the said heirs, or upon said estate, for support and maintenance by the terms and conditions of my said husband's will, or in any other way, and from all claim for expenses incurred for my support and maintenance heretofore, for which the said Anjanette, or said heirs, or said estate may have been liable by, through, or under said will, or in any other way, and the lien upon said estate for my support and maintenance is hereby discharged, meaning and intending hereby to release and discharge said estate, and said Anjanette, and said heirs, from all and every liability whatever on my account."  These instruments were both recorded at about their date.  The said Anjanette, prior to the date of these two instruments, having become married, was appointed again administratrix *de bonis non* upon her first husband's estate, at the January term, of the probate court, 1880.  Mrs. Parsons, as administratrix, was

granted a license to sell eight hundred dollars' worth of the real estate of George W. Hardy, and on October 9th, of the same year, she sold at private sale to William Blastow, certain real estate, which was Peter Hardy, Jr.'s estate, and devised to said George W. Hardy. In October, 1888, the said John J. Hardy, as administrator, with the will annexed, rendered an account against the estate of Peter Hardy, Jr., amounting to seven hundred and forty-two dollars and two cents, which was allowed by the decree of the probate court, from which decree the said William Blastow appealed. The account allowed, consists, among other items, for the support of said Joanna, by the said John J. Hardy, a portion of which support was rendered by him prior to the two instruments aforesaid given by her, and a portion afterwards. The appellee, at the entry of the appeal, filed a written motion that it be dismissed, and the case was reported to the full court to decide whether the said appellant is entitled to an appeal or not. It was admitted that said account, if allowed, can not be satisfied without recourse in full or in part to the land conveyed by the administratrix of George W. Hardy to this appellant.

If the court was of opinion that the appellant was not entitled to an appeal because the estate conveyed to him can not be taken towards payment of the account of the appellee if allowed; or that, for any other cause the appellant was not an interested party entitled to an appeal, the appeal was to be dismissed with costs to appellee; but if otherwise the appeal to stand.

*E. P. Spofford,* for appellant.

Counsel cited: R. S., c. 63, § 23; *Deering* v. *Adams,* 34 Maine, 44; *Veazie Bank* v. *Young,* 53 *Id.* 555; *Dexter* v. *Codman,* 148 Mass. 421; *Wiggin* v. *Swett,* 6 Met. 197; *Smith* v. *Bradstreet,* 16 Pick. 264; *Bryant* v. *Allen,* 6 N. H. 116; *Tillson* v. *Small,* 80 Maine, 90; *Bryant* v. *Erskine,* 55 Maine, 153; *Daniels* v. *Eisenlord,* 10 Mich. 454.

*E. W. Whitehouse,* for appellee.

Appellant not entitled to an appeal. *Smith* v. *Bradstreet,* 16

Pick. 264; *Wiggin* v. *Swett*, 6 Met. 197; *Veazie Bank* v. *Young*, 53 Maine, 555; *Bradley* v. *Davis*, 14 *Id.* 44; *Downing* v. *Porter*, 9 Mass. 385; *Swan* v. *Picquet*, 4 Pick. 443; *Penniman* v. *French*, 2 Mass. 139; *Tillson* v. *Small*, 80 Maine, 90; *Farwell* v. *Jacobs*, 4 Mass. 634; *Blake* v. *Dexter*, 12 Cush. 559.

LIBBEY, J. This is an appeal from the decree of the judge of probate for Hancock county, allowing the account of the appellee, as administrator with the will annexed, of the estate of Peter Hardy, Jr., deceased.

At the term when the appeal was entered, the appellee filed a motion to dismiss it, on the ground that the appellant had no legal right to appeal; and the case comes before this court for the determination of that question.

Peter Hardy, Jr., died in 1859, testate; and by his will, after certain minor legacies, he gave all the rest and residue of his estate to his son George W. Hardy, imposing upon him the obligation to maintain his wife, Joanna Hardy, during her life, creating a lien upon the estate devised him to secure that support. George W. Hardy died in 1871; and in April, 1872, Anjanette J. Hardy was appointed administratrix of his estate.

In January, 1880, said Anjanette, as administratrix, was granted a license to sell eight hundred dollars' worth of the real estate of said George W. Hardy, and in October of the same year she sold to the appellant, William Blastow, as the estate of her deceased husband, certain real estate which was devised by Peter Hardy, Jr. to said George W. Hardy. In October, 1888, said John J. Hardy, as administrator, with the will annexed, rendered an account against the estate of Peter Hardy, Jr., amounting to seven hundred and forty-two dollars and two cents, which was allowed by the decree of the probate court.

The largest portion of the account is for support alleged to have been furnished to said Joanna Hardy, with several items for counsel fees alleged to have been paid to several different lawyers for consultation. It is admitted that there is no property in the estate of Peter Hardy, Jr., except the land devised to George W. Hardy and conveyed to the appellant as above

stated ; and if proceedings are had for the payment of the account, it must be for the sale of those lands under a license from the probate court.

We think the appellant stands in the position of George W. Hardy, and has a legal interest in the amount which should be allowed the appellee by the judge of probate, and therefore has the right to appeal. We can see no difference in principle between this case and *Paine* v. *Goodwin,* 56 Maine, 411, in which the law is carefully discussed and the right of appeal sustained.

We do not undertake to determine whether under the deed and release executed by Joanna Hardy to Anjanette Hardy on November 22, 1875, the land of the appellant can or can not be taken under a license for the payment of the account of John J. Hardy. That question will properly arise on a petition by him for license to sell it. No petition has been filed so far as the case finds, and therefore the question is not properly before the court. From the examination of the account that was allowed, it appears to us clear that it ought to be revised in this court, for it appears by said account that there are ten items for counsel fees paid to as many lawyers, amounting to nearly ninety dollars.

> *Appeal sustained.   Case to stand*
> *for trial.*

PETERS, C. J., WALTON, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.